[Cite as *Marshall v. Marshall*, 2025-Ohio-4392.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| RYAN C. MARSHALL | : | |
| | : | C.A. No. 30537 |
| Appellant | : | |
| | : | Trial Court Case No. 2023 DR 00290 |
| v. | : | |
| | : | (Appeal from Common Pleas Court- |
| RILEY D. MARSHALL | : | Domestic Relations) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on September 19, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,


_____
MICHAEL L. TUCKER, JUDGE


HUFFMAN, J., and HANSEMAN, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30537

RYAN C. MARSHALL, Appellant, Pro Se
RILEY D. MARSHALL, Appellee, Pro Se

TUCKER, J.

{¶ 1} Ryan C. Marshall appeals pro se from the trial court's decision and judgment entry terminating shared parenting and awarding appellee Riley D. Marshall legal custody of their minor children.

{¶ 2} Ryan contends the trial court erred in awarding Riley legal custody and limiting his parenting time and decision-making ability regarding the children. Given that both parties are fit parents, Ryan claims the trial court lacked subject-matter jurisdiction to infringe on his fundamental parenting rights absent a compelling state interest and an order that was narrowly tailored and the least restrictive means available. Ryan asserts that the trial court's legal custody decision violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

{¶ 3} We conclude that the trial court possessed subject-matter jurisdiction and that its decision did not violate Ryan's constitutional rights. Accordingly, the trial court's judgment is affirmed.

## I. Background

{¶ 4} Ryan and Riley were married in 2018 and had two children together. They divorced in October 2023, and the trial court ordered shared parenting. In May 2024, both parties moved to terminate shared parenting and requested sole legal custody. The matter proceeded to a February 4, 2025 evidentiary hearing before a magistrate. Prior to the hearing, Ryan filed a pro se 39-page motion that asked the trial court to answer various

questions, raised 36 preemptive objections, and requested judicial notice of 41 propositions. The motion also challenged the trial court's subject-matter jurisdiction to act in a way that would purportedly violate substantive, procedural, and equal protection rights.

{¶ 5} Following the hearing, the magistrate filed a February 11, 2025 decision resolving legal custody and other issues. The magistrate overruled Ryan's motion regarding subject-matter jurisdiction, his objections, and his requests for judicial notice. After summarizing each party's testimony, the magistrate found as follows regarding custody and parenting time:

The Court finds, after consideration of the best interest factors and based upon all of the facts described hereinabove, that Riley has requested the termination of the shared parenting plan, that the parties are unable to meaningfully communicate and agree regarding the children, and that Ryan has declined to provide Riley with his cell phone number as well as his residential location and/or the location at which he would be exercising parenting time. The Court finds that, whereas Ryan has taken the position that the parties should continue to be in shared parenting and have equal parenting time, Ryan has not shown himself to be able to exercise even less than 50-50 parenting time regularly and consistently. Still further, the Court finds that Ryan is currently between residences and may not have [an] appropriate facility for the children. The Court finds that shared parenting is not in the best interest of the children. Still further, the Court finds that the children have largely been cared for solely by Riley post-divorce, and that no evidence whatsoever has been submitted that her care of the children with respect to health, education, and extracurricular activities has been deficient in any respect whatsoever.

The Court finds that Riley has a significant support system in the Dayton area and that the children have significant interaction with her parents, siblings and extended family, whereas Ryan does not have a local support system (other than perhaps his fiancée with whom he no longer resides). Riley has requested to be able to continue homeschooling the children, and no evidence was presented that the children's educational needs are not being met thereby. The Court finds that Riley is the parent more likely to honor and facilitate court-approved parenting time rights, based on the evidence submitted by her that she has gone above and beyond to attempt to facilitate Ryan's contact with, relationship with, and exercise of parenting time with, the children. The Court finds shared parenting to no longer be in the best interest of the children, and the Court finds it in the best interest of the children that Riley be their residential parent and legal custodian. Ryan shall have the right to parenting time with the children pursuant to the Court's Standard Order of Parenting Time, attached hereto and incorporated herein by reference, but Ryan must provide Riley with his cell phone number and with the location at which he will be exercising his parenting time in advance of the parenting time, or else that parenting time session shall be forfeited.

February 11, 2025 Magistrate's Decision 11-12.

{¶ 6} Ryan objected to the magistrate's decision without filing a transcript of the hearing. He alleged that he received inadequate notice of the hearing, that he had obtained newly discovered evidence after the hearing, that he lacked adequate time to prepare for the hearing after parting ways with his attorney and proceeding pro se, that opposing counsel had disclosed evidence one day before the hearing, that the magistrate exhibited

bias and disregarded the recommendation of a family investigator, and that the magistrate's decision infringed on his fundamental right to parent his children in violation of the United States Constitution.

{¶ 7} The trial court addressed and overruled each of Ryan's objections in its June 4, 2025 decision and judgment. The court found that a pretrial order gave Ryan notice of the hearing and that his purported discovery of evidence after the hearing did not constitute a valid objection. The trial court observed that Ryan's counsel withdrew nearly a month before the hearing, giving him time to prepare or find new counsel. The trial court also pointed out the absence of a motion for a continuance. Regarding opposing counsel's disclosure of evidence, the trial court noted Ryan's failure to file a transcript of the proceedings before the magistrate, resulting in no evidence of an objection by Ryan. As for the magistrate's alleged bias and improper rejection of a family investigator's recommendation, the trial court found a transcript necessary to review the issue. Finally, the trial court characterized Ryan's constitutional arguments as "misapplied" and found that it had jurisdiction. The trial court terminated shared parenting, named Riley the sole residential parent and legal custodian of the children, and granted Ryan standard parenting time under the same conditions imposed by the magistrate. This appeal followed.

## II. Analysis

{¶ 8} Ryan's assignment of error states:

**The trial court erred by terminating the parties' shared parenting plan, awarding sole residential parent and legal custodian status to Appellee, and limiting Appellant's parenting time and decision-making authority to less than a 50/50 split, in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution where both**

**parents are fit, the rights at issue are fundamental and individual, and the court lacked subject-matter jurisdiction to infringe such rights absent a compelling state interest, narrow tailoring, and least restrictive means.**

{¶ 9} Ryan raises three issues under his assignment of error. First, he disputes the trial court's subject-matter jurisdiction "to terminate a shared parenting plan and award unequal custody and decision-making authority between two fit parents," in violation of various constitutional rights to parent his children. Second, he contends the trial court imposed unconstitutional time, place, and manner restrictions on his parenting rights. Third, he claims the trial court violated the Fourteenth Amendment by applying a "best interest of the child" standard without affording him procedural due process "via a *Mathews v. Eldridge* balancing test."

{¶ 10} Upon review, we find Ryan's assignment of error to be unpersuasive. Regarding the first issue, the trial court possessed subject-matter jurisdiction to terminate shared parenting and to designate Riley the sole residential parent and legal custodian. Subject-matter jurisdiction involves the power to hear and decide a case on the merits. *Smith v. Ohio State Univ*., 2024-Ohio-764, ¶ 18. It defines a court's competence to render a valid judgment. *Id*. Under R.C. 3105.011(A), the domestic-relations division of the Montgomery County Common Pleas Court "has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." This includes presiding over divorce cases and resolving issues related to the allocation or modification of parental rights and responsibilities. *See* R.C. 2301.03(F); R.C. 3105.011(B). Additionally, R.C. 3109.04(B)(1) specifically granted the trial court power and authority to modify a prior order based on the best interest of the children. Even if we assume, purely arguendo, that awarding legal

custody to Riley was erroneous or unconstitutional, the trial court possessed subject-matter jurisdiction to issue the order.

{¶ 11} Ryan next asserts that the trial court violated the First Amendment and his Fourteenth Amendment equal protection rights by designating Riley the residential parent and legal custodian and awarding him standard parenting time. He argues that the order interferes with his association with their children, that it is subject to strict scrutiny, and that it must be reversed with instructions to reinstate shared parenting or "equal custody."

{¶ 12} In his objections to the magistrate's decision, Ryan cited federal case law recognizing that the parent-child relationship is constitutionally protected. He argued that his rights in relation to his children cannot depend on his marital status or a change in that status. Ryan reasoned that where the rights of a parent and child do not arise from or depend on the existence of a marital relationship, a divorce cannot justify overriding either party's parental rights, including the right to determine what is in the best interest of the children. Interference with that right, Ryan asserted, was not necessary or even rationally related to protecting his children. In a divorce involving two fit parents, he claimed the law requires an equal shared-parenting plan with each parent exercising decision-making authority during his or her parenting time.

{¶ 13} Upon review, we find Ryan's argument to be unpersuasive. He initially raised his constitutional challenge in the motion referenced above involving numerous objections and seeking judicial notice of various propositions. In that filing, Ryan acknowledged that resolution of his constitutional challenge was "dependent upon specific answers to questions of fact in this case." *See* Plaintiff's February 3, 2025 Motion 36. He recognized that the trial court was required to "perform the factual analysis as the factfinder and resolve the questions of law in accordance with the specific facts of the case." *Id*. Unfortunately, Ryan

did not file a transcript of the evidentiary hearing before the magistrate. Therefore, we have no factual record against which to evaluate his constitutional challenge.

{¶ 14} A second problem with Ryan's argument is that the parties already tried equal parenting. When they divorced, the trial court adopted a shared-parenting plan. Both parties later determined that shared parenting was not working. In May 2024, they separately moved to terminate shared parenting and each sought sole legal custody. When divorced parents cannot engage in effective shared parenting, a trial court is obligated to order a new custodial arrangement that is in the best interest of their children. The trial court did so here at the parties' own request, although it appears from the magistrate's decision that Ryan may have changed his mind during the hearing.

{¶ 15} Based on the evidence presented, the magistrate found that continued shared parenting was not in the children's best interest, in part, because the parties were unable to "meaningfully communicate" or "agree regarding the children." Under these circumstances, the trial court necessarily allocated legal custody and basic decision-making authority to one parent with the other parent receiving standard parenting time. We see nothing unconstitutional about the trial court making this decision in response to the parties' competing motions, and we cannot evaluate the correctness of its choice of Riley as residential parent and legal custodian without a transcript.

{¶ 16} Finally, Ryan contends the trial court erred in awarding Riley legal custody based on the best interest of the children "without affording procedural due process via a *Mathews v. Eldridge* balancing test." This argument lacks merit. "Procedural due process imposes constraints on governmental decisions that deprive individuals of liberty or property interests." *Mariemont Apartment Assn. v. Village of Mariemont*, 2007-Ohio-173, ¶ 39 (1st Dist.). Procedural due process is a flexible concept, and the protection it requires depends

on the situation. *Id*. The fundamental requirement "is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id*. To determine what level of procedural protection is required in a situation, courts often apply the balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976). The test involves consideration of three issues: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id*. at 335.

{¶ 17} Here there was no need to balance anything under *Mathews v. Eldridge* to determine how much "process" Ryan was due. He received full procedural due process protection. He was given an opportunity to be heard at a meaningful time and in a meaningful manner. A magistrate held an evidentiary hearing at which the parties testified and presented evidence. Although Ryan represented himself, he previously had an attorney and could have obtained another one. He also was permitted to file objections to the magistrate's decision, which underwent independent review by the trial court before becoming final. We see no additional procedural safeguards that could or should have been provided. Accordingly, we find no procedural due process violation.

### III. Conclusion

{¶ 18} Ryan's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court, Domestic Relations Division, is affirmed.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.