[Cite as *In re A.D.*, 2026-Ohio-2202.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN RE: A.D. AND A.B.-S.D.

:

:   C.A. No. 30642

:

:   Trial Court Case Nos. G-2025-000426-01; G-2025-000427-01

:

:   (Appeal from Common Pleas Court-Juvenile Division)

:

:   **FINAL JUDGMENT ENTRY & OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 12, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HANSEMAN, J., concur.

**OPINION**

A.M.D., Appellant, Pro Se
SARA M. BARRY, Attorney for Appellee

TUCKER, J.

{¶ 1} Father appeals pro se from the trial court's orders in two related cases adopting a magistrate's decision that granted Mother legal custody of the parties' two children and awarded him parenting time.

{¶ 2} Father contends the trial court committed plain error by restricting his fundamental parental rights without finding parental unfitness or harm to the children. He also claims the trial court relied on an improper presumption favoring Mother based on her gender, unlawfully conditioned his parenting time on participation in a private supervised visitation program, and erroneously adopted a magistrate's decision that lacked necessary factual findings. Finally, he alleges a deprivation of meaningful appellate review despite his requests for transcripts.

{¶ 3} Finding no merit to Father's arguments, we affirm trial court's judgment.

## I. Background

{¶ 4} Father filed separate complaints in trial court Case No. G-2025-000426-01 and Case No. G-2025-427-01, seeking an initial allocation of parental rights and responsibilities for the parties' two children, who were born in 2022 and 2023. He noted his acknowledgment of paternity and requested legal custody with an award of parenting time to Mother.

{¶ 5} The matter culminated in a multi-day hearing in May, June, and August 2025. A magistrate filed a September 18, 2025 decision in both cases designating Mother legal custodian of the children and granting Father parenting time. After briefly summarizing the

2

testimony, the magistrate noted her consideration of the statutory best-interest factors and the credibility and demeanor of the witnesses. The magistrate determined that it was in the best interest of the children to award Mother legal custody. The magistrate granted Father parenting time every other weekend from Friday evening until Sunday evening with exchanges to take place at a facility known as Erma's House.

{¶ 6} Following the magistrate's decision, Father did not request findings of fact or conclusions of law. Nor did he file objections. Instead, he appealed from the trial court's order adopting the magistrate's decision. Although Father requested transcripts in connection with his appeal, he never took the necessary steps, including making financial arrangements, to cause them to be filed. On December 23, 2025, we deemed the record complete without transcripts. On February 13, 2026, Father filed what he characterized as his own App.R. 9(C) statement of evidence and proceedings. On February 19, 2026, we struck this filing and denied his request for an extension of time to utilize the proper App.R. 9(C) procedure.

## II. Analysis

{¶ 7} The first of Father's five assignments of error states:

**The trial court committed plain error by restricting Appellant's fundamental parental rights without findings of parental unfitness or harm to the children.**

{¶ 8} Father contends the trial court's legal custody and parenting time order unlawfully restricts his parental rights without a finding that he is unfit or that the children would be harmed by maintaining a relationship with him.

{¶ 9} Plain error review applies because Father did not file objections to the magistrate's decision. *See* Juv.R. 40(D)(3)(b)(iv). "[I]n appeals of civil cases, the plain error

3

doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *In re A.J.S. & R.S.*, 2007-Ohio-3433, ¶ 16 (2d Dist.).

{¶ 10} The trial court did not commit plain error by awarding Mother legal custody and granting Father parenting time without finding him unfit or finding a potential for harm to the children. Under R.C. 3109.04(B)(1), a trial court making an initial allocation of parental rights and responsibilities "shall take into account that which would be in the best interest of the children." The record reflects compliance with this requirement. Absent shared parenting, which was not an issue, the trial court necessarily allocated legal custody to one parent. *Marshall v. Marshall*, 2025-Ohio-4392, ¶ 15 (2d Dist.). The trial court did not violate any fundamental parental rights by doing so, and we cannot evaluate the correctness of its decision without a transcript. *Id*.

{¶ 11} Father asserts that the trial court "imposed supervised visitation despite making no finding that [he] was unfit, abusive, or a danger to the children." But the trial court does not appear to have ordered supervised visitation. The trial court granted Father parenting time every other weekend from 6:00 p.m. on Friday until 6:00 p.m. on Sunday. The order simply required exchanges to occur at Erma's House. This condition is reasonable considering the magistrate's findings that "Mother and Father have a highly contentious relationship" and that there were reported problems during prior exchanges. Father's first assignment of error is overruled.

{¶ 12} The second assignment of error states:

**The trial court relied upon an improper presumption inconsistent with constitutional parental rights protections.**

{¶ 13} Father contends the trial court improperly relied on a presumption that Mother would make a better legal custodian based on her gender. This argument lacks merit because nothing in the magistrate's decision, which the trial court adopted, supports it. Under R.C. 3109.042, a trial court making an initial allocation of parental rights and responsibilities "shall treat the mother and father as standing upon an equality when making the designation" of a legal custodian. Nothing in the record indicates that the trial court did otherwise. Accordingly, the second assignment of error is overruled.

{¶ 14} The third assignment of error states:

**The incomplete record deprived Appellant of meaningful appellate review.**

{¶ 15} Father asserts that "[o]nly partial transcripts were produced, and several hearings reflected on the trial court docket were not transcribed." He claims we improperly deemed the record complete without transcripts, unfairly limiting his ability to raise issues and denying him meaningful appellate review.

{¶ 16} The record reflects that Father made multiple requests for transcripts and was advised that he needed to pay for them and take the necessary steps to cause them to be filed. We do not know which transcripts, if any, were produced because Father never filed them. He also did not follow the procedure in App.R. 9(C) to obtain a statement of the evidence or proceedings if in fact no recording existed or a transcript was unavailable. Under these circumstances, any impairment to Father's ability to obtain meaningful appellate review is attributable to him. The third assignment of error is overruled.

{¶ 17} The fourth assignment of error states:

**Conditioning parenting time on participation in a private supervised visitation program violated due process.**

{¶ 18} Father contends the trial court erred in conditioning his parenting time on participation in a supervised visitation program. He claims he challenged the requirement for supervised visitation, but the trial court prematurely denied the challenge before he could obtain and file a transcript. He asserts that requiring supervised visitation is improper.

{¶ 19} Upon review, we are unsure what Father is referencing. He has appealed from the trial court's order adopting a magistrate's decision. That order granted him weekend parenting time from Friday evening until Sunday evening. Given the parties' contentious relationship and prior problems during parenting time exchanges, the order required exchanges to occur at Erma's House. The order does not appear to us to require supervised parenting time for 48 consecutive hours at Erma's House. In any event, we cannot evaluate the propriety of the Erma's House requirement without a transcript of the multi-day hearing before the magistrate. Father could have obtained and filed that transcript in connection with his appeal. Accordingly, the fourth assignment of error is overruled.

{¶ 20} Father's fifth assignment of error states:

**The trial court adopted a magistrate's decision lacking the findings necessary to support the restriction imposed.**

{¶ 21} Father claims the trial court erred in adopting a magistrate decision that severely limited contact with his children without any supporting factual findings. Although he does not identify a particular limitation, we infer that he is referring either to the award of legal custody to Mother or to his weekend parenting time.

6

**{¶ 22}** In the proceedings below, Father did not request more specific findings of fact as he could have done under Juv.R. 40(D)(3)(a)(ii). Nor did he file objections to the magistrate's decision. Under these circumstances, we are limited to plain error review without the benefit of a transcript. We see no obvious error in the award of legal custody to Mother or weekend parenting time to Father. The fifth assignment of error is overruled.

### III. Conclusion

**{¶ 23}** We affirm the judgment of the Montgomery County Common Pleas Court, Juvenile Division, in Case No. G-2025-000426-01 and Case No. G-2025-427-01.

. . . . . . . . . . . . .

EPLEY, J., and HANSEMAN, J., concur.